IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HERBERT O. JENSEN,

    Plaintiff,

vs.                                                                           No. CIV 99-915 MV/WD

NORWEST BANK NORTH DAKOTA,
N.A., LOREN ZHAN, NORWEST
BANK IOWA, N.A., MARK SCOTT,
BECKY DANIELS, JAMIE MARLOW,
NORWEST BANK MONTANA, N.A.,
JOHN DOE,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss filed September 8, 1999 **[Doc. No. 9],** Plaintiff's Motion for a Temporary Restraining Order filed September 3, 1999 **[Doc. No. 4]**, and Plaintiff's Motion for Declaratory Judgment filed September 3, 1999 **[Doc. No. 5]**. After consideration of the motion, response, reply, relevant law and being otherwise fully informed, the Court finds that the motion to dismiss for lack of personal jurisdiction is well-taken and will be **GRANTED**. Therefore, this action is hereby **DISMISSED** without prejudice and both Plaintiff's Motion for Temporary Restraining Order and Motion for Declaratory Relief are **DENIED** as moot.

### **FACTUAL BACKGROUND**

Plaintiff Herbert O. Jensen, proceeding *pro se*, has filed a Complaint which seeks compensation for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983, and violations

of the Fair Credit Reporting Act and the Truth in Lending Act.  Plaintiff names as defendants three Norwest Banks – Norwest North Dakota, N.A., Norwest Iowa, and N.A., Norwest Montana, N.A. (collectively "Norwest").  In addition he names individual Norwest employees Loren Zhan, Becky Daniels, Jamie Marlow, and John Doe who sent past due notices to Plaintiff.  The Court has done its best to discern the facts from the Plaintiff's pleadings.

On September 22, 1998, William Embrey applied for an automobile loan from Norwest Bank in Fargo, North Dakota, allegedly forging Plaintiff's name on the security agreement.  The agreement was submitted by Embrey without Plaintiff present and was accepted without proof that Plaintiff had himself signed it.  Plaintiff was in the hospital after a stroke at the time the security agreement was signed.  Embrey has failed to make the payments on the loan, and Plaintiff has received monthly notices informing him that he owes payments to Norwest.  On March 27, 1999, shortly after receiving the first past due notice from Norwest, Plaintiff sent the bank a letter stating that he had not signed the security agreement, and was in the hospital at the time it was signed.  Plaintiff, upon Norwest's recommendation, submitted an "Affidavit as to Forged Signature," but continues to receive past due notices from Norwest for Embrey's security agreement.  Plaintiff has apparently been unable to obtain a home loan due to a negative credit rating as a result of the Norwest loan.

Defendants have filed a motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6), arguing that the Court lacks personal jurisdiction over Defendants and that Plaintiff fails to state a claim upon which relief can be granted.  Because the Court finds that it does not have personal jurisdiction over Defendants, it dismisses this action on those grounds, without reaching the 12(b)(6) grounds.

## LEGAL STANDARD

The standard governing a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is well-established:

> The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.

*Behagan v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984) (internal cites omitted). Submission of affidavits in connection with a motion to dismiss for lack of personal jurisdiction does not convert the motion into one for summary judgment. *Attwell v. LaSalle National Bank*, 607 F.2d 1157, 1161 (5th Cir. 1979) *cert. denied*, 445 U.S. 954 (1980).

## DISCUSSION

When federal statutes governing the claims in a federal question case do not specifically provide for national service of process, federal courts have personal jurisdiction to the extent permitted by the law of the state in which they sit. *Sunwest Silver, Inc. v. Intern. Connection, Inc.*, 4 F.Supp.2d 1284, 1286 (D.N.M. 1998). The Court therefore looks to New Mexico's long-arm statute and the due process requirements of the United States Constitution to determine whether it has personal jurisdiction over Defendants in this action.

The applicable provisions of the New Mexico long-arm statute provide as follows:

> A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

> (1) the transaction of any business within this state;
> . . . . .
> (3) the commission of a tortious act within this state;
> . . . . .
> C. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.

N.M. Stat. Ann. § 38-1-16 (1978).

There are three elements required to satisfy New Mexico's long-arm statute. First, the plaintiff must show that the defendant has committed one of the acts enumerated in the statute. If the court so finds, it must next determine whether the cause of action arises from the acts enumerated. Finally, the court must analyze whether the defendant has had "minimum contacts" with the state of New Mexico that are sufficient to satisfy the requirements of the Due Process Clause of the United States Constitution. *Sunwest Silver*, 4 F.Supp.2d at 1286.

Plaintiff has not alleged any facts showing that any of the Defendants either transacted business in New Mexico or committed a tortious act within the state. Thus, Plaintiff has not met the first and second prongs of the long-arm statute.

The final factor is whether Defendants have had "minimum contacts" with the state of New Mexico sufficient to satisfy the requirements of the due process clause. *Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618 (10th Cir. 1988). A forum state may constitutionally assert extra-territorial personal jurisdiction only if the defendant has purposefully had minimum contacts with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Defendant has established sufficient minimum contacts with the form state for personal jurisdiction if "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). The

type of activity which satisfies the Due Process Clause has been defined as "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Defendants have sent correspondence to Plaintiff through the mail, but this is insufficient under New Mexico law to satisfy the "purposeful availment" requirement. *See Sanchez v. Church of Scientology*, 115 N.M. 660, 664 (1993) (citing *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985)). Plaintiff does not allege other contacts with the State of New Mexico, and consequently fails the third prong of New Mexico's long-arm statute. Because Defendants have not had sufficient contacts with New Mexico, this Court can not assert personal jurisdiction over Defendants, and will dismiss this action.

## CONCLUSION

Plaintiff's pleadings fail to show that Defendants had "minimum contacts" with the state of New Mexico and otherwise meet the requirements of the state's long-arm statute. Consequently, this Court cannot exercise personal jurisdiction over Defendants, and this action is dismissed. Plaintiff may elect to bring suit in a proper forum which can exercise personal jurisdiction.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss filed September 8, 1999 **[Doc. No. 9]** is hereby **GRANTED** and this action is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Declaratory Judgment filed September 3, 1999 **[Doc. No. 5]** is moot and is therefore **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order filed September 3, 1999 **[Doc. No. 4]** is moot and is therefore **DENIED**.

                                                              _____
                                                              MARTHA VÁZQUEZ
                                                              UNITED STATES DISTRICT JUDGE

Herbert O. Jensen, *pro se*

<u>Attorney for Defendants</u>:
                 Alicia L. Gutierrez